**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| In re: Rodney Alan Rippe,<br>Katelyn Jo Rippe,<br>*Debtors,* | ) | Case No.: 26-10671 |
| STATE OF KANSAS, *ex rel.*<br>KRIS W. KOBACH, Attorney General,<br>*Plaintiff,* | ) | |
| v. | ) | Adversary No.: 26-_______ |
| RODNEY ALAN RIPPE,<br>*Defendant.* | ) | |

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**

Plaintiff, the State of Kansas, *ex rel.* Kris W. Kobach, Attorney General, appearing by and through Assistant Attorney General Paul Shipp, and files this Complaint to Determine Nondischargeability of Debt against the Defendant, Rodney Alan Rippe, pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(7), and the State alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and pursuant to the District Court's Amended Standing Order of Reference effective June 24, 2013 (D. Kan. Rule 83.8.5). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).
2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.
3. The State is a creditor in this case and has standing to bring this complaint under 11 U.S.C. §523(c)(1).

## PARTIES

4. Plaintiff, Kris W. Kobach, is the duly elected, qualified, and acting Attorney General for the State of Kansas, with offices located in Topeka, Kansas.

5. Defendant Rodney Alan Rippe is an individual debtor and resident of Hays, Kansas, and a party against whom personal judgments and restitution obligations were entered in state court.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

6. On December 17, 2025, the State of Kansas filed an enforcement action in the District Court of Ellis County, Kansas, designated as Case No. EL-2025-CV-000143, against Defendant Rodney Rippe and Straight Line Remodeling, LLC ("SLR"), alleging violations of the KCPA in connection with home construction and remodeling services. See Attached Exhibit #1, Petition.

7. In that state enforcement action, Defendant Rodney Rippe was accused of making false representations with the subjective intent to deceive affected consumers who relied upon Defendant's representations.

8. The affected consumers justifiably relied upon Defendant's deceitful and false representations and suffered substantial financial losses as a direct result of Defendant's false representations.

9. Between September 2023 and December 2024, Defendant's business bank records reflected acute and severe financial distress, a condition of which Defendant was fully aware.

10. While fully aware that his company was insolvent and unable to perform, Defendant intentionally concealed this insolvency from the consumers.

11. Despite knowing he could not complete existing projects, Defendant continued to solicit and accept cash deposits and advance payments by falsely promising that funds would be segregated and used exclusively for each consumer's project, when in fact he systematically and fraudulently diverted those funds to cover unrelated expenses and shortfalls on other failing projects.

12. Defendant systematically diverted advance payments and deposits expressly earmarked by contract for labor and materials on specific consumer projects to pay off unrelated expenses, debts, and overhead from failing projects, knowingly impairing his ability to fulfill his contractual obligations.

13. To induce consumers into giving him large sums of money, Defendant intentionally and routinely made explicit false statements of material fact, including, but not limited to: claiming that he was bonded when he was not; asserting that everything was "in good shape" and that they had "nothing to worry about"; and repeatedly assuring consumers, both orally and in writing, that their funds would be strictly segregated and never used to cover expenses of another project, while simultaneously using those funds to cover other failing jobs.

14. Across at least eight separate consumer projects, Defendant collected substantial advance cash payments only to delay work indefinitely, string consumers along with false excuses, leave subcontractors unpaid resulting in mechanic's liens, and ultimately abandon the projects entirely.

15. Defendant's conduct was not the result of mere inadvertence, ordinary business failure, or simple breach of contract; rather, Defendant acted with the actual, subjective intent to

deceive consumers, utilizing them as a revolving line of credit while knowing he could not perform.

16. Consumers justifiably relied on Defendant's professional representations as a licensed contractor, suffering direct, catastrophic financial losses totaling the $1,192,208.75 awarded in the state court judgment.

17. On March 5, 2026, the Ellis County District Court entered a Default Judgment against co-defendant Straight Line Remodeling, LLC, declaring its acts in violation of the KCPA and awarding substantial consumer restitution and penalties. See attached Exhibit #2, Default Judgment.

18. On April 10, 2026, the Ellis County District Court entered a formal Journal Entry of Consent Judgment As To Rodney Rippe (the "Consent Judgment"), signed by Debtor Rodney Rippe *pro se* pursuant to K.S.A. 50-632(b) and approved by Chief District Court Judge Curtis Brown. See attached Exhibit #3, Journal Entry of Consent Judgment as to Rodney Rippe.

19. Pursuant to the terms of the Consent Judgment, judgment was entered personally against Debtor Rodney Rippe for consumer restitution, investigative fees, and civil penalties.

20. Specifically, the Consent Judgment established the following binding personal judgments against Debtor:

    a. **Consumer Restitution:** Totaling $1,192,208.75 payable to specific affected consumers, their heirs, successors, and assigns, distributed as follows:

        i. S.C.: $417,039.55

        ii. L.D.: $100,000.00

        iii. J.D.: $16,941.23

iv. D.S. and S.S.: $25,870.31

v. T.F.: $13,319.20

vi. K.K. and K.K.: $45,349.61

vii. J.T. and A.T.: $250,000.00

viii. S.T. and T.T.: $190,000.00

b. **Investigative Fees and Expenses:** $20,000.00 pursuant to K.S.A. 50-632(a)(4) and K.S.A. 50-636(c).

c. **Civil and Enhanced Penalties:** $480,000.00 pursuant to K.S.A. 50-636 and K.S.A. 50-677 (subject to conditional suspension terms under the Consent Judgment).

21. Pursuant to Paragraph 20 of the Consent Judgment, these restitution judgments accrue statutory interest under K.S.A. 16-204 and survive the death of any consumer, passing directly to their estate, trust, heirs, successors, or assigns.

**STIPULATED ADMISSIONS AND FRAUD FINDINGS**

22. In executing the Consent Judgment, Defendant Rodney Rippe explicitly stipulated, agreed, and admitted that:

a. He offered and solicited home construction and remodeling contracts and services in Kansas as a "supplier" engaging in "consumer transactions" under K.S.A. 50-624(l) and (c).

b. By express terms under Paragraphs 13 and 21 of the Consent Judgment, the agreement "constitutes an admission by Defendant Rippe of the violations to the extent necessary to establish that the restitution debts owed arise from fraud and false pretenses" and are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

c. The parties explicitly stipulated and the state court ordered that these restitution judgments are strictly non-dischargeable in any future bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(2)(A).

**COUNT I**
**Nondischargeability of Restitution Debt**
**Pursuant to 11 U.S.C. § 523(a)(2)(A)**

23. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

24. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money, property, or services to the extent obtained by false pretenses, a false representation, or actual fraud.

25. As demonstrated by the underlying facts and consumer transactions, Debtor obtained funds from consumers through express misrepresentations and deceptive practices with the subjective intent to deceive, upon which consumers justifiably relied, causing direct financial losses.

26. Pursuant to *Cohen v. De La Cruz*, 523 U.S. 213 (1998), Section 523(a)(2)(A) prevents the discharge of all liability arising from fraud, encompassing the full $1,192,208.75 consumer restitution award.

27. Therefore, the consumer restitution debt is strictly nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**COLLATERAL ESTOPPEL / ISSUE PRECLUSION**

28. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29. Under the Supreme Court's holding in *Grogan v. Garner*, 498 U.S. 279 (1991), the standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the ordinary preponderance of the evidence.

30. Here, rather than relying solely on traditional issue preclusion from a contested trial, the parties' April 10, 2026 Consent Judgment establishes binding judicial admissions and explicit contractual stipulations that the debt arose from fraud and false pretenses.

31. The debtor explicitly admitted he committed fraud to get the money from the consumers in the action filed against him in the District Court in Kansas.

32. By virtue of the explicit contractual stipulations and judicial findings contained within the April 10, 2026 Consent Judgment, the Debtor has already expressly admitted that the restitution debts owed were obtained by fraud and false pretenses and so there is no need to relitigate that issue.

33. To the extent the bankruptcy court might reflexively scrutinize consent or default orders under local preclusion standards (such as the evidentiary hurdles seen in default cases like *Johnson v. Creason* (*In re Creason*), 2023 Bankr. LEXIS 2551 (Bankr. D. Kan. 2023)), those concerns do not apply here. Unlike an un-defended default judgment based on ambiguous alternative pleadings, the Debtor here affirmatively and knowingly stipulated to fraud. The District Court pleadings and the express terms of this signed Consent Judgment conclusively establish his actual, subjective intent to deceive, leaving no factual dispute requiring relitigation.

34. Consequently, the District Court pleadings and the binding admissions within the Consent Judgment conclusively establish a fully actionable basis under 11 U.S.C. § 523(a)(2)(A).

35. Furthermore and alternatively, should the Court determine that further inquiry is required beyond the face of the Consent Judgment, the detailed factual narrative and evidentiary framework pled herein independently establish a fully actionable basis under 11 U.S.C. § 523(a)(2)(A) to prove the nondischargeability of the restitution amounts on the merits.

**COUNT II**
**Nondischargeability of Investigative Fees and Civil Penalties**
**Pursuant to 11 U.S.C. § 523(a)(7)**

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Section 523(a)(7) of the Bankruptcy Code excepts from discharge any debt that "is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss".

38. The investigative fees ($20,000.00) and civil/enhanced penalties ($480,000.00) awarded in the state court action are payable to and for the benefit of the State of Kansas and do not represent compensation for actual pecuniary loss.

39. Pursuant to 11 U.S.C. § 523(a)(7) and established bankruptcy precedent (as recognized in *State ex rel. Nixon v. Audley*, 268 B.R. 279, 285–286 (Bankr. D. Kan. 2001)), governmental fines, penalties, and investigative fees are nondischargeable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, the State of Kansas, *ex rel.* Kris W. Kobach, Attorney General, respectfully requests that this Court enter judgment in its favor and against Defendant Rodney Alan Rippe as follows:

1. Declaring that the consumer restitution debt totaling $1,192,208.75, plus statutory interest pursuant to K.S.A. 16-204, is **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(2)(A);
2. Declaring that the investigative fees ($20,000.00) and civil/enhanced penalties ($480,000.00) are **NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(7); and
3. Granting Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

OFFICE OF THE KANSAS
ATTORNEY GENERAL

By: /s/ Paul Shipp

Paul Shipp, #20263
Assistant Attorney General
Public Protection Division
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Tel: 785-296-3751
Fax: 785-291-3699
Email: paul.shipp@ag.ks.gov