ELECTRONICALLY FILED
2026 Apr 10 AM 11:36
CLERK OF THE ELLIS COUNTY DISTRICT COURT
CASE NUMBER: EL-2025-CV-000143
PII COMPLIANT

PLAINTIFF'S EXHIBIT
3

**Court:** Ellis County District Court

**Case Number:** EL-2025-CV-000143

**Case Title:** State of Kansas, ex rel. Attorney General vs. Rodney Rippe, et al

**Type:** ORD: Order (Generic) Journal Entry of Consent Judgment As To Rodney Rippe

SO ORDERED,

/s/ Honorable Curtis Brown, District Court Judge

Electronically signed on 2026-04-10 11:36:00 page 1 of 10

**IN THE DISTRICT COURT OF ELLIS COUNTY, KANSAS**

| | |
|---|---|
| **STATE OF KANSAS, *ex rel.*** <br> **KRIS W. KOBACH, Attorney General,** <br><br> **Plaintiff,** <br> **v.** <br><br> **RODNEY RIPPE, an individual;** <br><br> **and** <br><br> **STRAIGHT LINE REMODELING, LLC,** <br> **a Kansas for profit limited liability company,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No. : EL-2025-CV-000143** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**(Pursuant to K.S.A. Chapter 60)**

**JOURNAL ENTRY OF CONSENT JUDGMENT AS TO RODNEY RIPPE**

NOW on this day an Agreed Journal Entry of Consent Judgment comes before the Court pursuant to K.S.A. 50-632(b). Plaintiff, State of Kansas, *ex rel.* Kris W. Kobach, Attorney General, appears by and through Paul Shipp, Assistant Attorney General. Defendant Rodney Rippe (hereafter "Defendant Rippe") appears *pro se*.

WHEREUPON the parties advise the Court that they have stipulated and agreed to the following:

**PARTIES, JURISDICTION AND VENUE**

1. Kris W. Kobach is the duly elected, qualified and acting Attorney General for the State of Kansas. The Attorney General's authority to bring this action is derived from the statutory and common law of the State of Kansas, specifically the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50-623, *et seq*.

2. This Court has subject matter jurisdiction over this controversy and personal jurisdiction over Defendant Rippe, and venue is appropriate in the District Court of Ellis County, Kansas, pursuant to the KCPA, specifically K.S.A. 50-638(a) and (b).
3. Defendant Rippe is an individual residing in Hays, Kansas.
4. Defendant Straight Line Remodeling, LLC is a delinquent for-profit limited liability company previously registered with the Kansas Secretary of State, which was forfeited on July 15, 2025.
5. Defendant Straight Line Remodeling, LLC, failed to answer or respond to the Petition, and after a proper motion was filed with the Court, a judgment of default was entered against the LLC on March 5, 2026; however, judgment remains pending against Defendant Rippe.
6. Defendant Rippe voluntarily submits to the jurisdiction of this Court and consents to the entry of this Judgment as outlined herein.

## ALLEGATIONS AND ADMISSIONS

7. Defendant Rippe agrees that he offered and solicited home construction and remodeling contracts and services in Kansas for the consumers as alleged in the pending Petition filed in this case on December 17, 2025.
8. Defendant Rippe agrees that he acted as a "supplier" in Kansas, as that term is defined by K.S.A. 50-624(l).
9. Defendant Rippe agrees that he engaged in "consumer transactions" in Kansas, as that term is defined by K.S.A. 50-624(c).
10. Plaintiff alleges that, were this matter to be litigated, Plaintiff could prove all of the allegations outlined in the pending Petition.

11. Pursuant to K.S.A. 50-632, in lieu of continuing this action and proceeding to trial, the Attorney General accepts Defendant Rippe's agreement to the terms of this Consent Judgment. By entering into this Consent Judgment, Defendant Rippe agrees to the permanent discontinuance of the acts and practices declared herein to be violations of the Kansas Consumer Protection Act.

12. The parties stipulate to the payment of restitution to affected consumers for money received in connection with these violations, as outlined herein, as well as the specific performance of a permanent injunction barring Defendant Rippe from owning or operating a business in Kansas.

13. By its express terms, and as further detailed herein, this Consent Judgment constitutes an admission by Defendant Rippe of the violations to the extent necessary to establish that the restitution debts owed arise from fraud and false pretenses; however, pursuant to K.S.A. 50-632(b), no other admissions are made by Defendant Rippe.

14. Before this Consent Judgment shall become effective, it must be approved by the District Court and an entry made thereof. Upon receiving such approval, any breach of the conditions of this Consent Judgment by Defendant Rippe shall be treated as a violation of a court order and shall subject him to all penalties provided by law therefor.

**INJUNCTIVE RELIEF**

15. Defendant Rodney Rippe is permanently enjoined from owning, operating, or managing any business in the State of Kansas. This permanent prohibition is broad and explicitly includes indirect control. He shall not directly or indirectly circumvent this Consent Judgment by using another individual, family member, shell entity, agent, assignee, or

successor to own, operate, or manage a business on his behalf, nor shall he knowingly permit third parties to engage in prohibited practices on his behalf.

16. Defendant agrees to fully cooperate with the Office of the Kansas Attorney General regarding any future complaints filed with the office and shall respond within twenty (20) days of receiving a copy of any such complaint.

17. Defendant acknowledges that engaging in prohibited acts after the date of this Consent Judgment constitutes a violation of a court order. Such violations will trigger contempt of court proceedings and may subject him to additional civil penalties for each subsequent offense.

**RESTITUTION & BANKRUPTCY NON-DISCHARGEABILITY**

18. Judgment is hereby entered personally against Defendant Rodney Rippe for consumer restitution.

19. Pursuant to K.S.A. 16-204, these formal court judgments shall accrue statutory interest from the date this Judgment is signed by the Court.

20. The restitution judgments awarded herein are legally persistent assets. Should a consumer pass away before the judgment is satisfied, the judgment shall survive their death and become property of said consumer's estate or trust. Restitution is expressly payable to the named consumers, and their heirs, successors, and assigns.

21. Defendant Rippe explicitly stipulates and agrees that the restitution debts owed to the consumers herein were obtained by fraud, false pretenses, or actual fraud. Therefore, the parties stipulate and the Court orders that these restitution judgments are strictly non-dischargeable in any future bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(2)(A).

22. Defendant Rippe agrees to and is ordered to pay restitution to the following consumers, their heirs, successors, and assigns:

- S.C.: $417,039.55.
- L.D.: $100,000.00.
- J.D.: $16,941.23.
- D.S. and S.S., husband and wife: $25,870.31.
- T.F.: $13,319.20
- K.K. and K.K., husband and wife: $45,349.61.
- J.T. and A.T., husband and wife: $250,000.00.
- S.T. and T.T., husband and wife: $190,000.00.

**CIVIL PENALTIES AND INVESTIGATIVE FEES**

23. Defendant agrees to pay the Office of the Kansas Attorney General $20,000.00 in investigative fees and expenses, pursuant to K.S.A. 50-632(a)(4) and K.S.A. 50-636(c).

24. The State's Petition seeks civil and enhanced penalties totaling $480,000.00. Judgment is hereby entered against Defendant Rippe for civil and enhanced penalties in the amount of Four Hundred Eighty Thousand Dollars ($480,000.00) pursuant to K.S.A. 50-636 and K.S.A. 50-677.

25. In direct exchange for Defendant Rippe's stipulation to the permanent business injunction and the 11 U.S.C. § 523(a)(2)(A) bankruptcy non-dischargeability provision protecting the consumers' restitution, the State agrees to suspend the collection of the $480,000.00 in civil penalties as set out herein.

26. The injunction against Defendant Rippe operating a business, engaging in consumer transactions, or conducting any door-to-door sales in the State of Kansas is permanent and shall never expire.

27. Collection of the awarded civil penalties shall be suspended, subject to the following conditions:

    a. If Defendant Rippe commits no violations of the injunctive provisions of this Consent Judgment within the first ten (10) years following the entry of this order, one-half of the suspended civil penalties ($240,000.00) will be permanently waived and discharged.

    b. If Defendant Rippe commits no violations of the injunctive provisions of this Consent Judgment within the twenty (20) years following the entry of this order, the remaining balance of the civil penalties ($240,000.00) will be permanently waived and discharged.

    c. Should the Court find, upon motion by the Attorney General, that Defendant Rippe has materially breached the injunctive provisions of this Consent Judgment, the suspension shall be lifted. If the breach occurs during the first ten (10) years following the entry of this order, the full $480,000.00 in civil penalties shall become immediately due and payable. If any breach occurs after the first ten (10) years but before the expiration of the twenty (20) year period, the remaining $240,000.00 balance shall become immediately due and payable. These amounts shall be in addition to any other civil or criminal penalties that may apply to the subsequent violation.

## OTHER PROVISIONS

28. This Court retains jurisdiction for the purpose of enabling any of the parties to this Consent Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the modification of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of violations thereof.

29. If any portion, provision, or part of this Consent Judgment is held to be invalid, unenforceable, or void for any reason, that portion shall be severed from the remainder, and its severance shall not affect the validity or enforceability of the remaining provisions, portions, or parts.

30. Compliance with this Consent Judgment does not relieve Defendant of any obligation imposed by applicable federal, state, or local law, nor shall this Consent Judgment preclude the Plaintiff from taking appropriate legal action to enforce any other statutes under his jurisdiction or from any other Federal or State agency to enforce any other federal, state, or local law under its jurisdiction.

31. The parties understand that this Consent Judgment shall not be construed as the Attorney General's approval or sanction of the Defendant's business practices, and the Defendant shall not represent this Consent Judgment as such approval. The parties further understand and agree that any failure by the State of Kansas or by the Attorney General to take any action in response to any information submitted pursuant to this Consent Judgment shall not be construed to be an approval of or sanction of any representations, acts, or practices of the Defendant, nor shall any inaction by the Attorney General be considered a waiver by the Attorney General of any rights under this Consent Judgment or applicable law.

32. This Consent Judgment represents the entire agreement between Plaintiff and the Defendant, and all representations, agreements, arrangements or understandings, oral or written, the parties have made relating to the subject matter of this Consent Judgment are fully expressed herein or attached hereto.

33. Defendant hereby represents and warrants that Defendant has had the opportunity to consult with and receive the advice of legal counsel regarding all matters relative to this Consent Judgment, including the rights and obligations of Defendant under this Consent Judgment and the consequences of breach hereunder. Defendant represents that Defendant has read the Consent Judgment and knows and understands the contents thereof.

34. Defendant further represents and warrants that Defendant is signing this Consent Judgment as the result of his own free act, and that Defendant has not relied on any statement(s) or representation(s) of the Attorney General or anyone acting on his behalf, except for those contained in this Consent Judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the stipulation and agreement of the parties contained herein are adopted and approved as the findings of fact and conclusions of law of the Court and any monies owed hereunder by Defendant immediately become a judgment upon filing.

**IT IS SO ORDERED.**

**THIS ORDER IS EFFECTIVE AS OF THE DATE AND TIME OF THE ELECTRONIC FILE STAMP.**

Electronically reviewed & approved by,
*The Honorable Curtis Brown*
Chief District Court Judge

Prepared by,

Paul Shipp, #20263
Assistant Attorney General
Office of the Kansas Attorney General
Public Protection Division
120 S.W. 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
Phone: (785) 296-3751
Email: paul.shipp@ag.ks.gov

Reviewed & approved by:

Rodney Rippe, *Pro Se*
Individually